```
FILED

NOV - 1 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY              DEPUTY
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFENG SONG,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>MICHAEL CHERTOFF, Secretary of Homeland Security, et al.,<br><br>　　　　　　　Respondents. | CASE NO: 07-CV-855 W (POR)<br><br>ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE [DOC. NO. 4] AND REMANDING TO THE DEPARTMENT OF HOMELAND SECURITY, CITIZENSHIP & IMMIGRATION SERVICES |

On May 11, 2007, Petitioner Lifeng Song filed this action seeking an order compelling the United States Citizenship and Immigration Services ("CIS") to adjudicate his naturalization application. In response the Government filed a motion to dismiss without prejudice. For the reasons addressed below, the Court **GRANTS** the Government's motion to dismiss [Doc. No. 4] and **REMANDS** this matter to CIS.

I. DISCUSSION

Under 8 U.S.C. § 1446, the Federal Bureau of Investigations and CIS are authorized to investigate and adjudicate applicants for naturalization. In 1997, Congress mandated that the FBI investigate every application, and that CIS await the FBI's completion of the investigation before rendering a decision with respect to any applicant:

> During fiscal year 1998 and each fiscal year thereafter, none of the funds appropriated or otherwise made available to the Immigration and Naturalization Service shall be used to complete adjudication of an application for naturalization unless the Immigration and Naturalization Service has received confirmation from the Federal Bureau of Investigation that a full criminal background check has been completed, except for those exempted by regulation as of January 1, 1997.

See Pub.L.No. 105–119, Title I, Nov. 26, 1997, 111 Stat.2448. As a result, the Immigration and Naturalization Service (now CIS) amended 8 C.F.R. §335.2 to require that the CIS wait for completion of the FBI's investigation before interviewing an applicant.

Once an applicant has been interviewed, CIS is required to either grant or deny the naturalization application within 120 days. 8 U.S.C. § 1447(b). "[T]he court has the last word by exercising exclusive jurisdiction over those naturalization applications on which the [CIS] has failed to act in a timely fashion." United States v. Hovsepian, 359 F.3d 1144, 1162 (9th Cir. 2004). Thus, where CIS has failed to act within the 120-day period, section 1447(b) gives the court jurisdiction either to set a hearing to determine the application itself, or to remand to CIS with appropriate instructions.

While CIS must render a decision on an application within 120 days of the applicant's initial interview, there is currently no required period of time for CIS to conduct the initial interview. See Walji v. Gonzales, 500 F.3d 432 (5th Cir. 2007). Moreover, where a delay in an applicant's citizenship decision is due to the FBI not having completed its investigation, the vast majority of courts have refrained from adjudicating the naturalization application. See Martinez v. Gonzales, 463 F.Supp.2d 569, 573 (E.D. VA 2006) ("courts are ill-equipped to conduct the type of criminal background checks with which the FBI has been tasked, and to conduct a hearing without the benefit of a completed background check 'would contravene Congress's intent that an FBI background is to be completed prior to the adjudication of every naturalization application.' [Citation Omitted.]"); Schaffer v. Gonzales, No. 07cv0006-LAB (S.D. Cal. March 5, 2007) ("In immigration matters, the executive branch is

accorded great deference, as evidenced by the statutory and regulatory schemes established for processing citizenship applications. Neither the CIS nor the district court is sufficiently informed to decide an application until the FBI completes the required criminal background check to determine whether an applicant presents any national security or public safety risk, nor are they equipped to conduct such investigations themselves.")

Lifeng Song filed an application for naturalization on June 30, 2006. On July 8, 2006, an FBI name check was initiated. CIS is still waiting for the results of his FBI name check. Song has not been interviewed. Because the 120-day period under section 1447(b) does not commence until after Song has been interviewed, the Court lacks jurisdiction over his application.[1]

## II. CONCLUSION

Based on the foregoing, the Court **GRANTS** the Government's motion to dismiss without prejudice [Doc. No. 4] and **REMANDS** this matter to the CIS. The Clerk of the Court is instructed to close the file.

**IT IS SO ORDERED.**

DATE: November 1, 2007

HON. THOMAS J. WHELAN
United States District Court
Southern District of California

---

[1] By its express terms, 8 U.S.C. § 1421(c) applies to a "person whose application for naturalization . . . [has been] denied . . . ." Because Petitioner's application has not been adjudicated, he is not yet entitled to judicial review under this section. Nor is Petitioner entitled to relief under the other provisions cited in his responsive brief.